

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles K. Baughman
Chief Clerk
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-4741
Re: Validity of provision in
certificate renewing bond of
citrus fruit and/or vegetable
dealer limiting surety's
liability to extent not authorized
by statute.

Your recent letter requesting opinion of this department reads in part as follows:

"We have before us an Extension Certificate issued by a Bonding Company serving to continue the provisions of a bond furnished by the Company to a Dealer in citrus fruits and/or vegetables.

"The certificate reads in part as follows:

"In consideration of thirty seven and 50/100 dollars, paid to this company as a premium therefor, the term of the below bond is hereby extended to August 20th, 1943, subject to all other provisions, conditions and limitations thereof upon the express condition that the Surety's liability thereunder during the original term of said bond and during any extended term thereof shall not be cumulative and shall in no event exceed the sum of Five Thousand dollars.'

"Will you please advise this Department on the following:

". . . 'and shall in no event exceed the sum of Five Thousand dollars . . .'

"Does this mean that the aggregate of liabilities which might obtain under the Bond expiring August 20th 1942 and the extended Bond expiring August 20th 1943 can not exceed Five Thousand Dollars.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Suppose that after Bond for term ending August 20th, 1942 liability obtains as a result of an agreement or deal, and adjustment of a claim thereunder is not started until after August 20th, and a settlement of the claim is made, would that reduce the liability of the Bonding Company on the bond provided for through the attaching of a certificate carrying the provisions set out herein.

"In fine would the Department be justified in accepting the certificate bearing the limitations stated herein."

The legislation with which we are primarily concerned in answering the various questions propounded is House Bill No. 99, Acts of the 45th Legislature (Article 118b, Vernon's Civil Statutes), House Bill No. 557, Acts of the 45th Legislature (Article 1287-1, Vernon's Civil Statutes), and Senate Bill No. 24, Acts of the 45th Legislature, 1st C.S. (Article 1287-2, Vernon's Civil Statutes).

On account of the length of the Acts we shall not set same out in full, but shall attempt to give the substance thereof as is pertinent to the matters in question here.

Article 118b provides that one shall not be a dealer in citrus fruits unless he applies to the Commissioner of Agriculture for license as such, receives such license, and files and has approved a Five Thousand Dollar bond required by the Act. This bond, conditioned as required by law, guarantees the payment by the dealer of fruit purchased on credit. Under the terms of the law and the bond anyone dealing with such licensed dealer may maintain action on same. Article 1287-1 contains substantially the same provisions, as pertinent to matters here involved, except that said article is applicable to dealers in vegetables. Article 1287-2 provides that any person who comes within any of the classifications set out in both Article 118b and Article 1287-1:

". . . ., wherein a surety bond of Five Thousand ($5,000) Dollars is required by him by that classification shall be permitted to give one Five Thousand ($5,000) Dollar surety bond, so worded as to guarantee faithful performance of all the provisions of both House Bill No. 99, Acts Regular Session Forty-fifth Legislature and House Bill No. 557, Acts Regular Session Forty-fifth Legislature, such bond to be in such form as the Commissioner of Agriculture may prescribe, and any person who elects to give one surety bond of Five Thousand ($5,000) Dollars to guarantee faithful

faithful performance under both of said Acts shall be
liable for only one license fee of Twenty-five ($25.00)
Dollars, and his license shall reflect the fact that
he is licensed thereby to handle both citrus fruits and
vegetables."

After careful examination of the certificate as quoted
in your letter, we construe the language to mean that the original
bond and the renewal thereof shall be considered as one continued
obligation under which the bonding company is liable for defalca-
tions occurring during the term of the bond and the renewal period
only up to the limit of the liability set forth in the face of the
bond, and that the liability of the bonding company shall not be
in addition to the original bond. In other words, the aggregate
of liabilities which might obtain under the bond expiring August 20,
1942, and the extended bond expiring August 20, 1943, cannot exceed
$5,000.00.

The obvious effect of the provision in the renewal
certificate, were it valid, would be to limit the liability of
the bonding company to an extent not authorized by the statutes.
The statutes pertinent to this question specifically state that
the license issued in accordance with their provisions shall be
in force and effect for a period of only one year. (Article 118b,
Section 6 and Section 12; Article 1287-1, Section 4) And like-
wise, in the opinion of this department, these statutes contem-
plate that a bond of $5,000.00 shall be in effect during the
effective period of the license as issued, and not a bond which
may be burdened with liabilities arising under a prior period.
Under the wording of the extention certificate here under con-
sideration, if liability obtained under the bond in an amount
of $5,000.00 the first year and not discovered until the second
year, then, though the dealer had paid the premium for the second
year, his creditors would have no protection for the second year
under the bond for the reason that the penalty of the bond would
be completely exhausted by liabilities arising under the bond for
the first year. In such case the second year premium would be
paid by the dealer for no protection whatever to those with whom
he deals. Public interest, as well as the statutes themselves,
necessarily demand a bond free of any such limitations.

There are other reasons, we think, why the certificate
bearing the attempted limitation should not be accepted. A funda-
mental rule to be applied in determining the validity of provisions
of statutory bonds as the bond here under consideration is to
ascertain the provisions of the statute or statutes prescribing
the conditions of the bond. If the statute or statutes do not
permit the limitations sought to be made a part of the bond, then

such limitations as are not authorized are void. The case of Globe Indemnity Company v. Barnes, 288 S.W. 121, was one in which the plaintiff sought to hold a surety upon a public contractor's statutory bond liable for the purchase price of material furnished the contractor when the obligations of the bond specifically exempted the surety from such liability. The Commission of Appeals held in that case that it was manifest that the bond was intended as a compliance with the statute and that the obligations imposed by the statute would be read into the bond. In that case, Judge Ocie Speer, speaking for the Commission, said:

> "The minor purpose to limit that liability is repugnant to the major purpose to execute the bond so as to enable the contractor to proceed. The attempted limitation is in violation of the statute, and therefore void. The statute will be read into the bond as though its terms had been strictly complied with." (Emphasis ours)

Since it is our opinion that the attempted limitation in the extension certificate here under consideration is not authorized or permitted by statute, it is the further opinion of this department that same is void, and for these reasons the Commissioner of Agriculture would not be justified in accepting same.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) E. G. PHARR
Assistant

EGP:GO

APPROVED AUG 10, 1942

(Signed) GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By R.W.F. Chairman